IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 15-06004-01/26-CR-W-DGK |
| **JOSHUA K. BOWERS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER OF CONTINUANCE

On July 7, 2015, the Grand Jury returned a superseding indictment charging 26 defendants with possession with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A); possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), possess firearms with drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A)(i), felon in possession of firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), maintaining a drug premise in violation of 21 U.S.C. §§ 856(a) and (b), conspiracy to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846, and conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846). This criminal action is currently set for trial on the joint criminal trial docket which commences November 28, 2016.

On October 21, 2016, defendant Stevenson, by and through counsel, filed a motion for continuance and suggestions in support thereof. The suggestions in support of the defendant's motion for continuance state, in part, as follows:

> The undersigned counsel has a scheduling conflict with the current
> trial setting. Undersigned counsel is counsel of record for defendant

Ashli Adkins in *United States v. Williams, et.al.,* Case No. 13-cr-00236-DGK. This case has been pending for more than three years and the case is set for a multi-week jury trial beginning on January 18, 2017, in front of Judge Kays. The *Williams* case involves multiple out-of-town witnesses including expert witnesses that have pre-arranged travel and professional schedules to be available for the trial. Counsel believes that the trial of the instant case will involve more than a week of trial time and would extend into the *Williams* trial setting. Thus, undersigned counsel is seeking to move the trial of this matter to accommodate the *Williams* trial setting.

The undersigned has conferred with Bruce Rhoades, Assistant United States Attorney, and counsel for co-defendants, who have stated no objection to the granting of this continuance.

Undersigned counsel has been in contact with counsel for the co-defendants and the following defendants support this motion to continue: Sabrena Morgan, Elgin Douthage, Franklin Carter, Gregory Bullock, Taylow Syas, Brian Bowers, Jackie Love, William Campbell, Jason Kirtley, Marion Brammer, Rodney King, Jason Davis, Paula Rae Scott, Bryan Carroll, and Caleb Hayes. Counsel has not heard from the following defendants regarding their respective positions on a trial setting: Jay Harrison Lee Varder, Gabriel Ruiz-Salazaar, and Steven Schreier. The following defendants do object to the motion for continuance: Joshua Bowers, Jose Ruiz-Salazar, and Ryan Battagler. In the case of Mr. Battagler, he objects to the continuance but in light of the length of the anticipated trial, counsel for Mr. Battagler is not in a position to try this case on the January docket as she is scheduled to begin a multi-defendant, 8-week trial in the District of Kansas.

Undersigned counsel did request input regarding an appropriate trial setting in the event the matter is continued. The consensus among the counsel that responded was that a setting of June 19, 2017 would accommodate the various trial commitments in this and other courts.

The Speedy Trial Act of 1974, as amended, mandates the commencement of the trial of a defendant within 70 days from the defendant's first appearance before a judicial officer of the Court in which the charge is pending. In computing the 70-day time period, the periods of delay set forth in 18 U.S.C. § 3161(h) are to be excluded. Any period of delay resulting from a continuance granted at the request of a defendant is excludable if the Court finds the ends of justice

served by the taking of such action outweigh the best interest of the public and the defendant in a speedy trial, provided the Court sets forth the reason for such finding.

Section 3161(h)(8)(C) provides that a continuance shall not be granted because of general congestion of the Court's calendar. In ordering this case removed from the joint criminal jury trial docket which will commence November 28, 2016, and continuing the trial until the joint criminal jury trial docket which will commence June 19, 2017, the Court is not doing so because of congestion of its calendar.

The Court finds that:

1. In light of the circumstances set out in the above-quoted portion of the suggestions in support of the motion for continuance, it would be unreasonable to expect defense counsel to prepare this criminal action adequately for trial prior to June 19, 2017;

2. In light of the circumstances set out in the above-quoted portion of the suggestions in support of the motion for continuance, failure to remove this criminal action from the joint criminal jury trial docket which will commence November 28, 2016, and grant a continuance likely would result in a miscarriage of justice;

3. In light of the circumstances set out in the above-quoted portion of the suggestions in support of the motion for continuance, failure to remove this criminal action from the joint criminal jury trial docket which will commence November 28, 2016, and grant a continuance would deny defense counsel the reasonable time necessary for effective preparation and thus would deny the defendant his right to effective assistance of counsel; and

4. In light of the circumstances set out in the above-quoted portion of the suggestions in support of the motion for continuance, the ends of justice served by removing this criminal action from the joint criminal jury trial docket which will commence November 28, 2016, and granting a continuance outweigh the best interest of the public and the defendant in a speedy trial.

It is therefore,

ORDERED that the motion for continuance of this criminal action filed by defendant Stevenson on October 21, 2016 (Doc. No. 319), is GRANTED and that this criminal action is removed from the joint criminal jury trial docket which will commence November 28, 2016. It is further

ORDERED that this criminal action is set for trial on the joint criminal jury trial docket which will commence June 19, 2017. It is further

ORDERED that the pretrial conference set for November 10, 2016, is continued until further Order of the Court. It is further

ORDERED that, pursuant to 18 U.S.C. § 3161(h), the time between the date of this Order and June 19, 2017, shall be excluded in computing the time within which the trial of this criminal action must commence.

                                                      ***/s/ JOHN T. MAUGHMER***  
                                                         JOHN T. MAUGHMER  
                                                     United States Magistrate Judge

Kansas City, Missouri