# IN THE WESTERN DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI - ST. JOSEPH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 15-06004-01-17-CR-SJ-DGK |
| JOSHUA KEITH BOWERS, et al. | ) |
| Defendants. | ) |

## DEFENDANT'S RESPONSE TO GOVERNMENT'S OBJECTION AND BRIEF IN SUPPORT OF PRETRIAL RELEASE

COMES NOW, Defendant Jason Lee Kirtley through his attorney of record, Nicole Forsythe, and provides the following argument in support of his request for pretrial release pursuant to 18 U.S.C. § 3142.

## STATUTORY AUTHORITY FOR RELEASE

"[T]he judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. 3142(a). "Only if the government shows by clear and convincing evidence that no release condition or set of conditions will reasonably assure the safety of the community and by a preponderance of the evidence that no condition or set of conditions . . . will reasonably assure the defendant's appearance can a

defendant by detained before trial." *U.S. v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

A court may further order release subject to conditions designed to provide further assurances for the appearance of the defendant as required or that the defendant will not be a danger to the community. 18 U.S.C. § 3142(c). Such conditions include but are not limited to releasing the defendant in the custody of a designated person who agrees to report any violation of a release and will ensure the defendant's appearance as required and requiring that the defendant: (a) actively seek employment; (b) abide by specified restrictions on personal associations; (c) report on a regular basis to a designated agency; (d) comply with a specified curfew; or (e) any other condition that is reasonably necessary to assure the appearance as required and assure the safety of the community. 18 U.S.C. § 3142(c)(1)(B).

When enacting 18 U.S.C. § 3142 Congress intended that pretrial release apply to only "a small but identifiable group of particularly dangerous defendants as to whom neither the imposition of stringent release conditions nor the prospect of revocation of release can reasonably assure the safety of the community or other persons." *U.S. v. Orta* at 890 (citation omitted). "Congress envisioned the pretrial detention of only a fraction of accused individuals awaiting trial." *Id.* at 891.

**FACTS SUPPORTING DEFENDANT'S PRETRIAL RELEASE**

Mr. Kirtley was taken into Federal custody on a Writ of Habeas Corpus ad prosequendum ordered by this Court on July 15, 2015 and made his Initial Appearance on August 11, 2015. Counsel for Mr. Kirtley filed a Motion for Return to State Custody, which was granted by this Court on October 20, 2015. Mr. Kirtley served out the remainder of his sentence for his state parole violations and was returned to Federal custody on or about February 10, 2017. Counsel filed a Motion for a Detention Hearing on February 14, 2017, which is to be taken up by this Court at a hearing scheduled March 7, 2017.

The State of Missouri set stringent conditions on Mr. Kirtley's release from the State's custody, including required participation in an after-care class as part of his substance abuse awareness and counseling. He must also submit to regular drug screening. The State also requires that Mr. Kirtley maintain employment, and attend enrichment classes to help him advance toward his goal of obtaining a GED.

While in State custody Mr. Kirtley participated in a number of programs including daily courses working toward earning a GED, a peer led eight-week Drug and Alcohol Education class, a seven-week Parenting Skills class, he earned a Milestone Marker for completing 124 hours of community service, and completed a class in Criminal and Addictive Thinking. Mr. Kirtley was selected to participate in the MCC Therapeutic Community

whereby he was removed from his jail cell and placed in a group home on the property. At the time of his release he was achieving the milestones and advancing through the program to a Phase 3.

During his time in State custody Mr. Kirtley demonstrated willingness to reform his life to continue on a more productive path. Pretrial release would enable Mr. Kirtley to continue to develop the skills he needs to fight his battle with addiction, help him advance toward earning his GED, and enjoy gainful employment. Mr. Kirtley has an employment opportunity as a mechanic at CRC Rock, a trucking company in Orrick, Missouri. He intends to begin work immediately upon pretrial release.

Mr. Kirtley does not have a history of violence nor has he otherwise demonstrated that he is a threat to the community. Further, he is not a flight risk and lacks the financial resources to be a flight risk. His mother has agreed to responsible for him and will ensure transportation for him so that he may appear court for all necessary hearings, conferences, and trial. Therefore, Mr. Kirtley prays this Court to order his release pending trial.

Respectfully submitted,

*/s/ Nicole Forsythe*_____
Nicole Forsythe, MO #61633
104 West 9th Street, Ste. 404
Kansas City, MO 64105
816-730-9120
816-474-8989 (fax)
Nicole@ForsytheLawOffice.com
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on March 7, 2017 to the CM/ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

*/s/Nicole Forsythe*