IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

UNITED STATES OF AMERICA,    )
    )
    Plaintiff,    )
    )
    v.    )    Criminal Action No.
    )    15-06004-17-CR-SJ-DGK
JASON LEE KIRTLEY,    )
    )
    Defendant.    )

## REPORT AND RECOMMENDATION
## TO ACCEPT DEFENDANT'S GUILTY PLEA

On June 14, 2017, I held a change-of-plea hearing after this case was referred to me by United States District Court Judge Greg Kays. I find that Defendant's plea is voluntary and therefore recommend that it be accepted.

### I. BACKGROUND

On July 7, 2015, Defendant was indicted with one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. A change-of-plea hearing was held on June 14, 2017. Defendant was present, represented by retained counsel Justin Crozier. The government was represented by Assistant United States Attorney Bruce Rhoades. The proceeding was recorded and a transcript of the hearing was filed on June 15, 2017 (Doc. No. 493).

### II. AUTHORITY OF THE COURT

The authority of federal magistrate judges to conduct proceedings is created and defined by the Magistrates Act, 28 U.S.C. § 636. Besides certain enumerated duties, the Act provides that a "magistrate may be assigned such additional duties as are not inconsistent with the Constitution and the laws of the United States." 28 U.S.C. § 636(b)(3).

The Eighth Circuit, following the reasoning of several other circuits, has held that magistrate judges may preside over allocutions and pleas in felony cases, so long as certain procedural safeguards are met. United States v. Torres, 258 F.3d 791, 795-96 (8th Cir. 2001); see also United States v. Dees, 125 F.3d 261 (5th Cir. 1997), United States v. Williams, 23 F.3d 629 (2d Cir. 1994). The reasoning applied by the appellate courts relies upon previous opinions by the United States Supreme Court that conducting jury *voir dire* falls within a magistrate judge's "additional duties" when the defendant has consented. See Torres, 258 F.3d at 795 (citing Peretz v. United States, 501 U.S. 923 (1991); Gomez v. United States, 490 U.S. 858 (1989)).

In Peretz, the Supreme Court held that when a defendant consents to a magistrate judge's involvement in *voir dire*, he waives any objection based on his right to have an Article III judge hear his felony case. 501 U.S. at 936. Moreover, the availability of *de novo* review by a district judge preserves the structural guarantees of Article III. Torres, 258 F.3d at 795. Applying the Peretz holding and adopting the reasoning of Williams, the Eighth Circuit held that the acceptance of guilty pleas bears adequate relationship to duties already assigned by the Magistrates Act in that "[a]n allocution is an ordinary garden variety type of ministerial function that magistrate judges commonly perform on a regular basis." Id. (quoting Williams, 23 F.3d at 633). Plea allocutions are substantially similar to evidentiary proceedings explicitly assigned by the Act. Id. at 796 (citing Dees, 125 F.3d at 265). Even if taking a guilty plea were considered to be of greater importance than those duties already assigned, the consent of the defendant saves the delegation. Id. "Consent is the key." Id. (quoting Williams, 23 F.3d at 633).

The Torres court also addressed the implications of such a delegation for Article III's case

2

and controversy clause.  Id.  Because plea proceedings are submitted to the district court for approval, the court retains ultimate control over the proceedings and is not bound to accept a plea taken by a magistrate judge.  Id.  Moreover, the district court's *de novo* review of the plea proceedings contributes to the ministerial nature of the magistrate judge's role.  Id.

Based on the above, I find that, with the consent of the defendant, the District Court may properly refer a felony case to a Magistrate Judge for conducting a change-of-plea hearing and issuing a report and recommendation on whether the plea should be accepted.

### III.  FINDINGS OF FACT

1.    The parties consented to the delegation of the change of plea to the magistrate judge (Tr. at 2-3).

2.    On July 7, 2015, Defendant was indicted with one count of conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846.   He is requesting to enter a plea of guilty to the lesser-included charge of conspiracy to distribute a detectible amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846.   Defendant indicated that he understood (Tr. at 3-4).

3.    The statutory penalty for the lesser included charge conspiracy of conspiracy to distribute a detectible amount of methamphetamine is not more than 20 years imprisonment, not more than a $1,000,000 fine, not less than 3 years supervised release, and an $100 mandatory special assessment fee (Tr. at 4).   Defendant was informed of the penalty range and indicated that he understood (Tr. at 5).

4.    Defendant was advised of the following:

   a.    That he has a right to a trial by jury of at least 12 individuals and that their verdict must be unanimous (Tr. at 5);

3

b.      That he has the right to assistance of counsel throughout the trial (Tr. at 5);

c.      That Defendant is presumed innocent, and the government has the burden of coming forward to prove Defendant's guilt beyond a reasonable doubt (Tr. at 5-6);

d.      That Defendant's attorney would have the opportunity to cross-examine the government's witnesses (Tr. at 6);

e.      That Defendant has the right to testify but does not have to, and that the jury could not make an adverse inference from the fact that Defendant may not testify at trial (Tr. at 6);

f.      That Defendant has the right to subpoena witnesses to testify on his behalf (Tr. at 7); and

g.      That Defendant has the right to appeal any conviction to the Eighth Circuit Court of Appeals (Tr. at 7).

5.      Government counsel stated that if this case were to be tried, the evidence would consist of primarily lay witness testimony but also some law enforcement.   The testimony would establish that Defendant was involved in obtaining and distributing methamphetamine (Tr. at 8-9).   At least 500 grams of methamphetamine were distributed by Defendant and others within the Western District of Missouri (Tr. at 9).

6.      Defendant was placed under oath and advised of perjury implications for any misrepresentations (Tr. at 8, 10).   Defendant stated that between January 1, 2010 and July 7, 2015, he was within the Western District of Missouri (Tr. at 11).   During that timeframe, he knew Brittany Brehm and Paula Scott (Tr. at 11-12).   Defendant had an agreement with these

4

individuals to distribute methamphetamine (Tr. at 11-12). He did so knowingly and intentionally (Tr. at 12).

7.      Defendant understood the terms of the plea agreement (Tr. 13-17, 20-21).

8.      No one had made any threats or any other promises in order to get Defendant to plead guilty (Tr. at 17).

9.      Defendant was satisfied with Mr. Crozier's performance (Tr. at 18). There is nothing Defendant asked Mr. Crozier to do that Mr. Crozier did not do (Tr. at 18). Likewise, there is nothing Mr. Crozier has done that Defendant did not want him to do (Tr. at 18).

10.     Defendant is 44 years old (Tr. at 18). He has completed the 9th grade (Tr. at 18). Mr. Crozier helped Defendant go through the plea agreement since Defendant does not read very well (Tr. at 18-19). Defendant has no physical or mental health concerns that would prevent him from entering an intelligent and voluntary plea of guilty (Tr. at 19). He was not under the influence of any kind of drug or alcohol (Tr. at 19).

11.     Defendant tendered a plea of guilty to the lesser included charge contained within Count Seven of the Superseding Indictment (Tr. at 21-22).

## V.   ELEMENTS OF THE OFFENSE

To sustain a conviction for conspiracy to distribute methamphetamine, the Government must prove: (1) there was an agreement to distribute a controlled substance; (2) the defendant knew of the agreement; and (3) the defendant intentionally joined the conspiracy. See United States v. Savatdy, 452 F.3d 974, 977 (8th Cir. 2006); United States v. Shoffner, 71 F.3d 1429, 1433 (8th Cir. 1995).

## V.   CONCLUSION

Based on the above, I make the following conclusions:

1.     The district court may lawfully refer this case to a magistrate judge for issuance of a report and recommendation on whether Defendant's guilty plea should be accepted.

2.     Defendant has consented to having his plea taken by a magistrate judge.

3.     Defendant knowingly and voluntarily pleaded guilty to conduct establishing every element of the lesser included charge contained within Count Seven of the Superseding Indictment.

A copy of this Report & Recommendation, transcript and the plea agreement are being forwarded to the District Judge for review.    It is, accordingly

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order accepting Defendant's guilty plea and adjudging Defendant guilty.

Counsel are advised that each has fourteen days from the date of this Report & Recommendation to file and serve specific objections to the same, unless an extension of time for good cause is obtained.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
July 14, 2017